UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
CORNELL HOLDEN and MIGUEL MEJIA, on behalf
of themselves and others similarly situated,

                          Plaintiffs,

vs.

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY; THE PORT AUTHORITY POLICE
DEPARTMENT; and MICHAEL OPROMALLA,
SHAUN KEHOE, JOHN TONE, and JOHN DOE
OFFICERS 1-4, sued in their individual capacities and
official capacities as officers of the Port Authority Police
Department,
                          Defendants.
------------------------------------------------------------------X

**ANSWER TO CLASS
ACTION COMPLAINT
(Jury Trial Demanded)**

1:17 Civ. 02192
    (JGK)

       Defendants, The Port Authority of New York and New Jersey (the "Port Authority"), the Port Authority Police Department, Michael Opromalla, Shaun Kehoe and John Tone, for their answer to the complaint by their undersigned attorneys, state upon information and belief as follows:

## INTRODUCTION

       **FIRST:** Deny the allegations contained in paragraph "1" of the complaint, except deny knowledge or information sufficient to form a belief as to the allegations contained in the first sentence thereof.

       **SECOND:** Deny the allegations contained in paragraph "2" of the complaint, except deny knowledge or information sufficient to form a belief as to the purported basis for this complaint, and respectfully refer all questions of law to the Court.

       **THIRD:** Deny the allegations contained in paragraph "3" of the complaint.

**FOURTH:** Deny the allegations contained in paragraph "4" of the complaint.

**FIFTH:** Deny the allegations contained in paragraph "5" of the complaint.

**SIXTH:** Deny the allegations contained in paragraph "6" of the complaint.

**SEVENTH:** Deny the allegations contained in paragraph "7" of the complaint.

**EIGHTH:** Deny the allegations contained in paragraph "8" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy as to the allegations concerning statements allegedly heard by plaintiff, Cornell Holden and conclusions drawn therefrom.

**NINTH:** Deny the allegations contained in paragraph "9" of the complaint.

**TENTH:** Deny the allegations contained in paragraph "10" of the complaint.

**ELEVENTH:** Deny the allegations contained in paragraph "11" of the complaint.

**TWELFTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "12" of the complaint, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of N.Y. and N.J.*, 01 Civ. 721, 2005 WL 214333 (S.D.N.Y. September 2, 2005) concerning the February 1, 2000 arrest of Alejandro Martinez and the trial commencing November 15, 2004 of his claims under 42 U.S.C. § 1983 for false arrest and malicious prosecution.

**THIRTEENTH:** Deny the allegations contained in paragraph "13" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning the lawsuit of Alejandro Martinez and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 214333 (S.D.N.Y. September 2, 2005).

**FOURTEENTH:** Deny the allegations contained in paragraph "14" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy as to plaintiff's purported claims and the legal basis therefor.

## JURISDICTION AND VENUE

**FIFTEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "15" of the complaint, and respectfully refer all questions of law to the Court.

**SIXTEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "16" of the complaint, except deny the headquarters of the Port Authority's Police Department is located within the Southern District, admit that the Port Authority maintains its executive offices within the Southern District and that the Port Authority employs police officers at its facilities within the Southern District and respectfully refer all questions of law to the Court.

## PARTIES AND OTHER RELEVANT PERSONS

**SEVENTEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "17" of the complaint, except admit that plaintiff Holden was arrested on May 12, 2014 at the P.A.B.T. outside a men's room and was charged with public lewdness (N.Y. P. L. 245.00) and exposure of a person (N.Y. P. L. 245.01).

**EIGHTEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "18" of the complaint.

**NINETEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the complaint, except admit

that plaintiff Mejia was arrested on July 9, 2014 in or about a men's room at the P.A.B.T. and was charged with public lewdness (N.Y.P. L. 245.00) and exposure of a person (N.Y. P. L. 245.01).

**TWENTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "20" of the complaint.

**TWENTY-FIRST:** Deny the allegations contained in paragraph "21" of the complaint, except admit that the Port Authority is a bi-state government agency created by compact between the States of New York and New Jersey with the approval of the United States Congress and that it maintains a Police Department which employs police officers at its facilities in New York and New Jersey and that its executive offices are located at 4 World Trade Center, New York, New York, and respectfully refer all questions of law to the Court.

**TWENTY-SECOND:** Deny the allegations contained in paragraph "22" of the complaint, except admit the Port Authority maintains a Police Department that is headquartered in Jersey City, New Jersey, and which maintains command posts at Port Authority facilities in New York and New Jersey, including at the P.A.B.T.

**TWENY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "23" of the complaint, except admit that at all times relevant hereto, police officers Michael Opromalla, Shaun Kehoe and John Tone, were employed as police officers in the Port Authority Police Department, and respectfully refer all questions of law to the Court.

**TWENTY-FOURTH:** Deny the allegations contained in paragraph "24" of the complaint, except admit that at all relevant times hereto, Police Officer Michael Opromalla was employed as a police officer by the Port Authority Police Department and that he was the

arresting officer in the arrest of plaintiff Cornell Holden on May 12, 2014, and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as to the purported capacity in which Police Officer Opromalla is sued.

**TWENTY-FIFTH:** Deny the allegations contained in paragraph "25" of the complaint, except admit that at all relevant times hereto, Police Officer Shaun Kehoe was employed as a police officer by the Port Authority Police Department and deny knowledge or information as to the truth or accuracy of the allegations as to the capacity in which Police Officer Kehoe is sued.

**TWENTY-SIXTH:** Deny the allegations contained in paragraph "26" of the complaint, except admit that at all relevant times hereto, Police Officer John Tone was employed as a police officer by the Port Authority Police Department, and deny knowledge or information as to the truth or accuracy of the allegations as to the capacity in which Police Officer Tone is sued.

**TWENTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "27" of the complaint.

**TWENTY-EIGHTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "28" of the complaint.

**TWENTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "29" of the complaint, except admit that at all times relevant hereto, Police Officers Michael Opromalla, Shaun Kehoe and John Tone were employed by the Port Authority Police Department as police officers.

**THIRTIETH:** Deny the allegations contained in paragraph "30" of the complaint.

# FACTS

## The Port Authority Police Department and Its Pattern and Practice of Unlawful and Unconstitutional Discriminatory Conduct

**THIRTY-FIRST:** Admit that the Port Authority's website contains the quoted language, and respectfully refer the Court to http://www.panynj.gov/police/about-police-html as best evidence of its own content.

**THIRTY-SECOND:** Deny the allegations contained in paragraph "32" of the complaint, except admit that the Port Authority employs approximately 1700 officers in all ranks, who are assigned to Port Authority facilities, including the Staten Island Bridges, the Holland Tunnel, the Lincoln Tunnel and the P.A.B.T., PATH, the George Washington Bridge, the airports (Newark, Liberty, JFK, LaGuardia), and who possess customary police authority, including the authority to make an arrest, and together with the local prosecutor, initiate a prosecution based on that arrest in accordance with the law.

**THIRTY-THIRD:** Deny the allegations contained in paragraph "33" of the complaint, except admit that Port Authority Police are charged with the duty of enforcing the laws of the state in which they are working, including the law in New York prohibiting lewd behavior, and that Port Authority police officers enter rest rooms at the facilities where they are assigned.

**THIRTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "34" of the complaint, except admit there were sixty-three arrests in the bathrooms at the P.A.B.T. in 2014 for lewdness and that the majority of these were for masturbation.

**THIRTY-FIFTH:** Deny the allegations contained in paragraph "35" of the complaint.

**THIRTY-SIXTH:** Deny the allegations contained in paragraph "36" of the complaint.

**THIRTY-SEVENTH:** Deny the allegations contained in paragraph "37" of the complaint.

**THIRTY-EIGHTH:** Deny the allegations contained in paragraph "38" of the complaint.

**THIRTY-NINTH:** Deny the allegations contained in paragraph "39" of the complaint.

**FORTIETH:** Deny the allegations contained in paragraph "40" of the complaint.

**FORTY-FIRST:** Deny the allegations contained in paragraph "41" of the complaint.

### Martinez v. The Port Authority (2005)

**FORTY-SECOND:** Deny the allegations contained in paragraph "42" of the complaint.

**FORTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "43" of the complaint, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 2143333 (S.D.N.Y. September 2, 2005)

**FORTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "44" of the complaint, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 2143333 (S.D.N.Y. September 2, 2005)

**FORTY-FIFTH:** Admit the allegations contained in paragraph "45" of the complaint.

**FORTY-SIXTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "46" of the complaint, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 2143333 (S.D.N.Y. September 2, 2005).

**FORTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "47" of the complaint, and

respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 2143333 (S.D.N.Y. September 2, 2005).

**FORTY-EIGHTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "48" of the complaint, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of New York and New Jersey*, 01 Civ. 721, 2005 WL 2143333 (S.D.N.Y. September 2, 2005)

**FORTY-NINTH:** Deny the allegations contained in paragraph "49" of the complaint.

### The Arrest of Plaintiff Cornell Holden

**FIFTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "50" of the complaint, except admit that on May 12, 2014, beginning at 9:05 a.m., plaintiff Holden was at a urinal in a men's room at the P.A.B.T.

**FIFTY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "51" of the complaint.

**FIFTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "52" of the complaint, except admit that plaintiff Holden was arrested when he exited the men's room, handcuffed, and was taken to the command post at the P.A.B.T.

**FIFTY-THIRD:** Admit the allegations contained in paragraph "53" of the complaint.

**FIFTY-FOURTH:** Admit the allegations contained in paragraph "54" of the complaint.

**FIFTY-FIFTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "55" of the complaint.

**FIFTY-SIXTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "56" of the complaint.

**FIFTY-SEVENTH:** Deny the allegations contained in paragraph "57" of the complaint, except admit that on June 27, 2017, police officer Opromalla signed a sworn criminal complaint in support of the charges N.Y.P.L. 245.00 and N.Y.P.L. 245.01.

**FIFTY-EIGHTH:** Deny the allegations contained in paragraph "58" of the complaint.

**FIFTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "59" of the complaint.

**SIXTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "60" of the complaint.

**SIXTY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "61" of the complaint.

## The Arrest of Plaintiff Miguel Mejia

**SIXTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "62" of the complaint, except admit that plaintiff was at a urinal in a men's room at the P.A.B.T. on July 9, 2014 at approximately 1706 hrs.

**SIXTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "63" of the complaint.

**SIXTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "64" of the complaint, except admit that plaintiff Mejia was arrested, handcuffed, and taken to the police command post at the P.A.B.T..

**SIXTY-FIFTH:** Admit the allegations contained in paragraph "65" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegation that plaintiff Mejia was photographed.

**SIXTY-SIXTH:** Admit the allegations contained in paragraph "66" of the complaint.

**SIXTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "67" of the complaint.

**SIXTY-EIGHTH:** Deny the allegations contained in paragraph "68" of the complaint, except admit that Police Officer Tone arrested plaintiff Mejia and charged him with public lewdness (N.Y.P.L. 245.00) and exposure of a person (N.Y.P.L. 245.01).

**SIXTY-NINTH:** Deny the allegations contained in paragraph "69" of the complaint,

**SEVENTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "70" of the complaint.

**SEVENTY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "71" of the complaint.

**SEVENTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "72" of the complaint.

<u>Council Member Dromm's Letter to the Port Authority</u>

**SEVENTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "73" of the complaint, and respectfully refer the Court to the New York Times Article entitled "Lawyers Challenge Lewdness Arrests at Port Authority Bus Terminal" dated October 7, 2014 as best evidence of its own content.

**SEVENTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "74" of the complaint, and respectfully refer the Court to Council Member Dromm's letter of October 10, 2014 as best evidence of its own content.

**SEVENTY-FIFTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "75" of the complaint, and respectfully refer the Court to Council Member Dromm's letter of October 10, 2014 as best evidence of its own content.

**SEVENTY-SIXTH:** Deny the allegations contained in paragraph "76" of the complaint,

### P.A.P.D.'s False Arrests Have Continued

**SEVENTY-SEVENTH:** Deny the allegations contained in paragraph "77" of the complaint.

**SEVENTY-EIGHTH:** Deny the allegations contained in paragraph "78" of the complaint, except admit that on March 13, 2016, Jeffrey Reed was arrested for conduct in a men's room at the PABT, together with another male and Mr. Reed was charged with Public Lewdness (N.Y.P.L. 245.00), Exposure of a Person (N.Y.P.L. 245.01), Trespass (N.Y.P.L. 140.05 and N.Y.P.L. 140.10), and deny knowledge or information sufficient to form a belief as to the truth or accuracy of the last sentence in paragraph "78" of the complaint.

**SEVENTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "79" of the complaint.

**EIGHTIETH:** Admit the allegations contained in paragraph "80" of the complaint.

### The Named Plaintiffs' Injuries

**EIGHTY-FIRST:** Deny the allegations contained in paragraph "81 (a) – (e)" of the complaint.

### CLASS ACTION ALLEGATIONS

**EIGHTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "82" of the complaint, and respectfully refer all questions of law to the Court.

**EIGHTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "83" of the complaint.

**EIGHTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "84" of the complaint.

**EIGHTY-FIFTH:** Deny the allegations contained in paragraph "85" of the complaint.

**EIGHTY-SIXTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "86" of the complaint.

**EIGHTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "87" of the complaint.

**EIGHTY-EIGHTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "88" of the complaint.

**EIGHTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "89" of the complaint.

**NINETIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "90" of the complaint.

**NINETY-FIRST:** Deny the allegations contained in paragraph "91" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning the financial burden and emotional toll of individual litigation as alleged in paragraph "91" of the complaint.

**NINETY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "92" of the complaint.

**CLAIMS FOR RELIEF**

**FIRST CAUSE OF ACTION: 42 U.S.C. § 1983 CLAIM OF FOURTH AMENDMENT VIOLATIONS**
**(Against All Defendants)**

**NINETY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "93" of the complaint.

**NINETY-FOURTH:** Deny the allegations contained in paragraph "94" of the complaint.

**NINETY-FIFTH:** Deny the allegations contained in paragraph "95" of the complaint.

**NINETY-SIXTH:** Deny the allegations contained in paragraph "96" of the complaint.

**NINETY-SEVENTH:** Deny the allegations contained in paragraph "97" of the complaint.

**NINETY-EIGHTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "98" of the complaint, and respectfully refer all question of law to the Court.

**NINETY-NINTH:** Deny the allegations contained in paragraph "99" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDREDTH:** Deny the allegations contained in paragraph "100" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED FIRST:** Deny the allegations contained in paragraph "101" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED SECOND:** Deny the allegations contained in paragraph "102" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED THIRD:** Deny the allegations contained in paragraph "103" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED FOURTH:** Deny the allegations contained in paragraph "104" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED FIFTH:** Deny the allegations contained in paragraph "105" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED SIXTH:** Deny the allegations contained in paragraph "106" of the complaint. and respectfully refer all questions of law to the Court.

**ONE HUNDRED SEVENTH:** Deny the allegations contained in paragraph "107" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED EIGHTH:** Deny the allegations contained in paragraph "108" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED NINTH:** Deny the allegations contained in paragraph "109" of the complaint, and respectfully refer all questions of law to the Court.

## SECOND CAUSE OF ACTION: 42 U.S.C. § 1983 CLAIM OF FOURTEENTH AMENDMENT VIOLATIONS
(Against All Defendants)

**ONE HUNDRED TENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "110" of the complaint.

**ONE HUNDRED ELEVENTH:** Deny the allegations contained in paragraph "111" of the complaint.

**ONE HUNDRED TWELFTH:** Deny the allegations contained in paragraph "112" of the complaint.

**ONE HUNDRED THIRTEENTH:** Deny the allegations contained in paragraph "113" of the complaint.

**ONE HUNDRED FOURTEENTH:** Deny the allegations contained in paragraph "114" of the complaint.

**ONE HUNDRED FIFTEENTH:** Deny the allegations contained in paragraph "115" of the complaint.

**ONE HUNDRED SIXTEENTH:** Deny the allegations contained in paragraph "116" of the complaint.

**ONE HUNDRED SEVENTEENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "117" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED EIGHTEENTH:** Deny the allegations contained in paragraph "118" of the complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED NINETEENTH:** Deny the allegations contained in paragraph "119" of the complaint.

**ONE HUNDRED TWENTIETH:** Deny the allegations contained in paragraph "120" of the complaint.

**ONE HUNDRED TWENTY-FIRST:** Deny the allegations contained in paragraph "121" of the complaint.

**ONE HUNDRED TWENTY-SECOND:** Deny the allegations contained in paragraph "122" of the complaint.

**ONE HUNDRED TWENTY-THIRD:** Deny the allegations contained in paragraph "123" of the complaint.

**ONE HUNDRED TWENTY-FOURTH:** Deny the allegations contained in paragraph "124" of the complaint.

**ONE HUNDRED TWENTY-FIFTH:** Deny the allegations contained in paragraph "125" of the complaint.

**ONE HUNDRED TWENTY-SIXTH:** Deny the allegations contained in paragraph "126" of the complaint.

**ONE HUNDRED TWENTY-SEVENTH:** Deny the allegations contained in paragraph "127" of the complaint.

**ONE HUNDRED TWENTY-EIGHTH:** Deny the allegations contained in paragraph "128" of the complaint.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

**ONE HUNDRED TWENTY-NINTH:** The complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**ONE HUNDRED THIRTIETH:** The Port Authority cannot be held liable for punitive damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**ONE HUNDRED THIRTY-FIRST:** The Port Authority cannot be held liable under 42 U.S.C. § 1983 on a theory of *respondeat superior*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**ONE HUNDRED THIRTY-SECOND:** Plaintiffs' arrest and prosecution was justified and was based upon probable cause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**ONE HUNDRED THIRTY-THIRD:** The individual defendants acted in good faith under the law and are entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**ONE HUNDRED THIRTY-FOURTH:** Plaintiffs do not meet the requirements of Fed. R. Civ. P. 23 (a) or 23 (b)(3) so as to warrant class certification.

Dated: New York, New York
May 19, 2017

> The Port Authority of New York and New Jersey
> Law Department
> Attorney for Defendants, The Port Authority of New York and New Jersey,
> The Port Authority Police Department, Michael Opromalla, Shaun Kehoe and John Tone
>
> By: _/s/ Kathleen Gill Miller_
> Kathleen Gill Miller, Esq.
> Thomas R. Brophy, Esq.
> 4 World Trade Center/150 Greenwich St./24 Fl.
> New York, NY 10007
> (212) 435-3434/(212) 435-3492

TO: Via ECF
Winston & Strawn, LLP
Attorneys for Plaintiffs Cornell Holden and Miguel Mejia
200 Park Avenue
New York, NY 10166
Attn: Thomas Patrick Lane, Esq.
      Michael S. Elkin, Esq.
      Ross M. Kramer, Esq.
      Dorian S. Thomas, Esq.
(212) 294-6700

The Legal Aid Society
Attorneys for Plaintiffs Cornell Holden and Miguel Mejia
199 Water Street
New York, NY 10038
Attn: William Gibney, Esq.
      Kimberly Forte, Esq.
      Cynthia Conti-Cook, Esq.
(212) 577-3300