UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
CORNELL HOLDEN and MIGUEL MEJIA, on behalf
of themselves and others similarly situated,

                       Plaintiffs,

                  vs.

THE PORT AUTHORITY OF NEW YORK AND NEW
JERSEY; THE PORT AUTHORITY POLICE
DEPARTMENT; and MICHAEL OPROMALLA,
SHAUN KEHOE, JOHN TONE, JORDAN ESPOSITO,
MICHAEL DEMARTINO, RICHARD ALYMER and
OFFICERS JOHN DOE 1-100, sued in their individual
capacities and official capacities as officers of the Port
Authority Police Department,
                      Defendants.
-------------------------------------------------------------------X

**1:17-cv-02192**

**ANSWER TO AMENDED
CLASS ACTION
COMPLAINT**

**(JGK) (JCF)
( Jury Trial Demanded)**

      Defendants, The Port Authority of New York and New Jersey (the "Port Authority"), the

Port Authority Police Department, Michael Opromalla, Shaun Kehoe and John Tone, for their

Answer to the Amended Class Action Complaint, by their undersigned attorneys, state upon

information and belief as follows:

<u>INTRODUCTION</u>

      **FIRST:**  Deny the allegations contained in paragraph "1" of the Amended Complaint,

except deny knowledge or information sufficient to form a belief as to the truth or accuracy

allegations contained in the first sentence thereof.

      **SECOND:**  Deny the allegations contained in paragraph "2" of the Amended Complaint,

except deny knowledge or information sufficient to form a belief as to the truth or accuracy of

the allegations concerning plaintiffs' purported legal basis for their Amended Complaint.

      **THIRD:**  Deny the allegations contained in paragraph "3" of the Amended Complaint.

**FOURTH:**  Deny the allegations contained in paragraph "4" of the Amended Complaint.

**FIFTH:**  Deny the allegations contained in paragraph "5" of the Amended Complaint.

**SIXTH:**  Deny the allegations contained in paragraph "6" of the Amended Complaint.

**SEVENTH:**  Deny the allegations contained in paragraph "7" of the Amended complaint.

**EIGHTH:**  Deny the allegations contained in paragraph "8" of the Amended Complaint.,

**NINTH:**  Deny the allegations contained in paragraph "9" of the Amended complaint.

**TENTH:**  Deny the allegations contained in paragraph "10" of the Amended complaint.

**ELEVENTH:**  Deny the allegations contained in paragraph "11" of the Amended Complaint.

**TWELFTH:**  Deny the allegations contained in paragraph "12" of the Amended Complaint and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of N.Y. and N.J.*, 01 Civ. 721, 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005).

**THIRTEENTH:**  Deny the allegations contained in paragraph "13" of the Amended Complaint, except admit that after a four-day trial, the jury returned a verdict on November 18, 2004 in favor of Alejandro Martinez on his claim of false arrest and malicious prosecution arising from his arrest on February 1, 2000 on charges of public lewdness at the World Trade Center Men's room in the PATH Concourse, and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority of N.Y. and N.J.*, 01 Civ. 721, 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005).

**FOURTEENTH:**  Deny the allegations contained in paragraph "14" of the Amended Complaint, except admit that the jury awarded Mr. Martinez substantial damages.

**FIFTEENTH:**  Deny the allegations contained in paragraph "15" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of plaintiffs' legal claims.

## JURISDICTION AND VENUE

**SIXTEENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "16" of the Amended Complaint, and respectfully refer all question of law to the Court.

**SEVENTEENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "17" of the Amended Complaint, except admit the Port Authority maintains its executive offices in the Southern District of New York, and respectfully refer all questions of law to the Court.

## PARTIES AND OTHER RELEVANT PERSONS

**EIGHTEENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "18" of the Amended Complaint, except admit plaintiff Cornell Holden was arrested when he exited the Men's room at the Port Authority Bus Terminal (P.A.B.T.) on May 12, 2014, and that he was charged with public lewdness under N.Y. Penal Law §245 and exposure of a person under N.Y. Penal Law §245.01.

**NINETEENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "19" of the Amended Complaint.

**TWENTIETH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "20" of the Amended Complaint, except admit that plaintiff, Miguel Mejia, was arrested when he exited the Men's room at the

P.A.B.T. on July 9, 2014 and that he was charged with public lewdness under N.Y. Penal Law §245.00.

**TWENTY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "21" of the Amended Complaint.

**TWENTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "22" of the Amended Complaint.

**TWENY-THIRD:** Deny the allegations contained in paragraph "23" of the Amended Complaint, except admit that the Port Authority is a bi-state government agency created by compact between the States of New York and New Jersey with the approval of the United States Congress and that it maintains a Public Safety Department which employs police officers at its facilities in New York and New Jersey and that its executive offices are located at 4 World Trade Center, New York, New York, and respectfully refer all questions of law to the Court.

**TWENTY-FOURTH:** Deny the allegations contained in paragraph "24" of the Amended Complaint, except admit that the Port Authority maintains a Public Safety Department that is headquartered in Jersey City, New Jersey, and which maintains command posts at Port Authority facilities in New York and New Jersey, including at the P.A.B.T.

**TWENTY-FIFTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "25" of the Amended Complaint, except admit that Michael Opromalla, Shawn Kehoe, John Tone, Jordan Esposito, Michael DeMartino and Richard Alymer were employed by the Port Authority Police Department as uniformed members of the police force during 2014-2016, and respectfully refer all questions of law to the Court.

**TWENTY-SIXTH:**  Admit the allegations contained in paragraph "26" of the Amended Complaint.

**TWENTY-SEVENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "27" of the Amended Complaint, except admit that Officer Opromalla arrested plaintiff Cornell Holden on May 12, 2014.

**TWENTY-EIGHTH:**  Admit the allegations contained in paragraph "28" of the Amended Complaint.

**TWENTY-NINTH:**  Deny the allegations contained in paragraph "29" of the Amended Complaint.

**THIRTIETH:**  Admit the allegations contained in paragraph "30" of the Amended Complaint.

**THIRTY-FIRST:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "31" of the Amended Complaint, except admit that Officer John Tone arrested plaintiff Mejia on July 9, 2014.

**THIRTY-SECOND:**  Admit the allegations contained in paragraph "32" of the Amended Complaint.

**THIRTY-THIRD:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "33" of the Amended Complaint, except admit that Sergeant Esposito signed the On Line Booking System Arrest Worksheet for plaintiff Holden's arrest

**THIRTY-FOURTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "34" of the Amended Complaint,

except deny that a supervisor signing the paperwork of an arresting officer is "verifying" that there was probable cause for the arrest.

**THIRTY-FIFTH:**  Deny the allegations contained in paragraph "35" of the Amended Complaint.

**THIRTY-SIXTH:**  Admit the allegations contained in paragraph "36" of the Amended Complaint.

**THIRTY-SEVENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "37" of the Amended Complaint, except admit Lt. DeMartino signed the On Line Booking System Arrest Worksheet and the Complaint Report Worksheet for plaintiff Mejia on July 9, 2014 and signed the desk appearance ticket for plaintiff Holden on May 12, 2014.

**THIRTY-EIGHTH:**  Deny the allegations contained in paragraph "38" of the Amended Complaint.

**THIRTY-NINTH:**  Admit the allegations contained in paragraph "39" of the Amended Complaint.

**FORTIETH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "40" of the Amended Complaint, except admit that Lt. Richard Alymer was the tour commander at the P.A.B.T. at the time of the arrests of plaintiff Holden on May 12, 2014 and plaintiff Mejia on July 9, 2014.

**FORTY-FIRST:**  Deny the allegations contained in paragraph "41" of the Amended Complaint, except admit the tour commander has supervisory responsibilities with respect to all junior officers during his tour, and that he may sign certain documents relating to an arrest in his capacity as the tour commander.

**FORTY-SECOND:**  Deny the allegations contained in paragraph "42" of the Amended Complaint.

**FORTY-THIRD:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "43" of the Amended Complaint.

**FORTY-FOURTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "44" of the Amended Complaint, except admit that the named officers were employed by the Port Authority and were acting within the scope of their employment at the time of the arrest of plaintiffs Holden and Mejia.

**FORTY-FIFTH:**  Deny the allegations contained in paragraph "45" of the Amended Complaint.

## FACTS

**FORTY-SIXTH:**  Admit the Port Authority's website contains the quoted language in paragraph "46" of the Amended Complaint, and respectfully refer the Court to http://www.panynj.gov/police/about-police.html as best evidence of its own content.

**FORTY-SEVENTH:**  Deny the allegations contained in paragraph "47" of the Amended Complaint, except admit that the Port Authority Public Safety Department is responsible for police operations at Port Authority facilities including the Holland and Lincoln Tunnels, the Staten Island Bridges (the Bayonne, the Goethals, the Outerbridge Crossing), the airports (John F. Kennedy, Newark-Liberty, LaGuardia, Teterboro), the Marine Terminals, the PATH Train, the Bus Terminals in Manhattan and New Jersey, and the World Trade Center, and that it employs approximately 1700 police officers who are vested with police power under the statutes of both the States of New York and New Jersey.

**FORTY-EIGHTH:** Deny the allegations contained in paragraph "48" of the Amended Complaint.

**FORTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "49" of the Amended Complaint.

**FIFTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "50" of the Amended Complaint, except admit that more than 50 individuals were arrested in 2014 in the P.A.B.T. on *inter alia* public lewdness charges based upon observed conduct by the arresting officers.

**FIFTY-FIRST:** Deny the allegations contained in paragraph "51" of the Amended Complaint.

**FIFTY-SECOND:** Deny the allegations contained in paragraph "52" of the Amended Complaint.

**FIFTY-THIRD:** Deny the allegations contained in paragraph "53" of the Amended Complaint.

**FIFTY-FOURTH:** Deny the allegations contained in paragraph "54" of the Amended Complaint.

**FIFTY-FIFTH:** Deny the allegations contained in paragraph "55" of the Amended Complaint.

**FIFTY-SIXTH:** Deny the allegations contained in paragraph "56" of the Amended Complaint.

**FIFTY-SEVENTH:** Deny the allegations contained in paragraph "57" of the Amended Complaint.

### Martinez v. The Port Authority (2005)

**FIFTY-EIGHTH:** Deny the allegations contained in paragraph "58" of the Amended Complaint and respectfully refer the Court to the memorandum and order in *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**FIFTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "59" of the Amended Complaint, and respectfully refer this Court to the memorandum and order on *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "60" of the Amended Complaint, and respectfully refer this Court to the memorandum and order on *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "61" of the Amended Complaint, and respectfully refer this Court to the memorandum and order on *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "62" of the Amended Complaint, and respectfully refer this Court to the memorandum and order on *Martinez v. The Port Authority,*

No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "63" of the Amended Complaint, and respectfully refer this Court to the memorandum and order on *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTY-FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "64" of the Amended Complaint, and respectfully refer this Court to the memorandum and order in *Martinez v. The Port Authority,* No. 01 civ 721 (PKC), 2005 WL 214333 (S.D.N.Y. Sept. 2, 2005) as best evidence of its own content.

**SIXTY-FIFTH:** Deny the allegations contained in paragraph "65" of the Amended Complaint.

## <u>The Arrest of Cornell Holden</u>

**SIXTY-SIXTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "66" of the Amended Complaint.

**SIXTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "67" of the Amended Complaint, except deny the allegations contained in the second sentence of paragraph "67" of the Amended Complaint.

**SIXTY-EIGHTH:** Deny the allegations contained in paragraph "68" of the Amended Complaint, except admit that plaintiff Holden was arrested in a public space at the P.A.B.T. and was taken to the Police Command at the P.A.B.T.

**SIXTY-NINTH:** Admit.

**SEVENTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "70" of the Amended Complaint, that he was detained "several hours", except admit that he was fingerprinted and photographed and that he was arrested at 9:05 a.m. and was released at 12:45 p.m.

**SEVENTY-FIRST:** Deny the allegations contained in paragraph "71" of the Amended Complaint, except admit Sergeant Jordan Esposito signed the On Line Booking System Arrest Worksheet as the supervisor, that Lt. Richard Aylmer was the Tour Commander for that tour, and that Lt. DeMartino issued the desk appearance ticket number.

**SEVENTY-SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "72" of the Amended Complaint.

**SEVENTY-THIRD:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "73" of the Amended Complaint, except admit that CJIS reported no prior criminal history for plaintiff Holden.

**SEVENTY-FOURTH:** Deny the allegations contained in paragraph "74" of the Amended Complaint, except admit that on June 27, 2014, Officer Opromalla signed a sworn affidavit setting forth the charges against plaintiff Holden.

**SEVENTY-FIFTH:** Deny the allegations contained in paragraph "75" of the Amended Complaint.

**SEVENTY-SIXTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "76" of the Amended Complaint.

**SEVENTY-SEVENTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "77" of the Amended Complaint.

**SEVENTY-EIGHTH:** Deny the allegations contained in paragraph "78" of the Amended Complaint.

### The Arrest of Plaintiff Miguel Mejia

**SEVENTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "79" of the Amended Complaint, except admit plaintiff Mejia was in the men's room at the P.A.B.T. on July 9, 2014 at approximately 5:06 p.m.

**EIGHTIETH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "80" of the Amended Complaint.

**EIGHTY-FIRST:** Deny the allegations contained in paragraph "81" of the Amended Complaint, except admit the plaintiff Mejia was arrested outside the men's room in a public area at the P.A.B.T. and was taken to the Police Command at the P.A.B.T.

**EIGHTY-SECOND:** Deny the allegations contained in paragraph "82" of the Amended Complaint, except admit plaintiff Mejia was in police custody at the Police command at P.A.B.T. for approximately three hours, during which time he was fingerprinted and photographed.

**EIGHTY-THIRD:** Admit the allegations contained in paragraph "83" of the Amended Complaint.

**EIGHTY-FOURTH:** Deny the allegations contained in paragraph "84" of the Amended Complaint, except admit Lt. DeMartino as supervisor signed the desk appearance ticket investigation, the On Line Booking System Arrest Worksheet, and the Complaint Report Worksheet, and that Lt. Aylmer was the tour commander.

**EIGHTY-FIFTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "85" of the Amended Complaint.

**EIGHTY-SIXTH:** Deny the allegations contained in paragraph "86" of the Amended Complaint, except deny knowledge or information as to the affidavit signed by Officer Tone, but admit that such an affidavit is standard procedure.

**EIGHTY-SEVENTH:** Deny the allegations contained in paragraph "87" of the Amended Complaint.

**EIGHTY-EIGHTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "88" of the Amended Complaint.

**EIGHTY-NINTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "89" of the Amended Complaint.

**NINETIETH:** Deny the allegations contained in paragraph "90" of the Amended Complaint.

<u>**Council Member Dromm's Letter to The Port Authority**</u>

**NINETY-FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "91" of the Amended Complaint, and respectfully refer the Court to the New York Times Article entitled "Lawyers Challenge Lewdness Arrests at Port Authority Bus Terminal" dated October 7, 2014, Exhibit A to the Amended Complaint, as best evidence of its own content.

**NINETY-SECOND:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "92" of the Amended Complaint, and respectfully refer the Court to Council Member Dromm's letter of October 10, 2014, Exhibit C to the Amended Complaint, as best evidence of its own content.

**NINETY-THIRD:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "93" of the Amended Complaint, and respectfully refer the Court to Council Member Dromm's letter of October 10, 2014, Exhibit C to the Amended Complaint, as best evidence of its own content.

**NINETY-FOURTH:**  Deny the allegations contained in paragraph "94" of the Amended Complaint.

**P.A.P.D. False Arrests Have Continued**

**NINETY-FIFTH:**  Deny the allegations contained in paragraph "95" of the Amended Complaint.

**NINETY-SIXTH:**  Deny the allegations contained in paragraph "96" of the Amended Complaint, except admit that on March 13, 2016, Jeffrey K. Reed was arrested and charged with Public Lewdness (N.Y.P.L. §245.0), Exposure of a Person (N.Y.P.L. §245.01) and Trespass (N.Y.P.L. § 140.05) based on his conduct in a men's room at the P.A.B.T. and that his arrest was made by a plainclothes police officer, and deny knowledge or information sufficient to form a belief as to the truth or accuracy as to the allegation in the last sentence of paragraph "96" as to Mr. Reed's plea.

**NINETY-SEVENTH:**  Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "97" of the Amended Complaint.

**NINETY-EIGHTH:** Deny the allegations contained in paragraph "98" of the Amended Complaint, except admit that Jeffrey Reed filed a Notice of Claim with the Port Authority on December 22, 2016 and respectfully refer the Court to the Notice of Claim, dated December 20, 2016, attached as Exhibit D to the Amended Complaint.

**The Named Plaintiffs' Injuries**

**NINETY-NINTH:** Deny the allegations contained in paragraph "99" and all sub-parts thereof of the Amended Complaint.

**Class Action Allegations**

**ONE HUNDREDTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "100" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED FIRST:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "101" of the Amended Complaint, except deny the allegations contained in Section "3" thereof.

**ONE HUNDRED SECOND:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "102" of the Amended Complaint, except deny the allegations that the Port Authority had a policy of unlawfully targeting men for false arrest and unfounded criminal charges.

**ONE HUNDRED THIRD:** Deny the allegations contained in paragraph "103" of the Amended Complaint.

**ONE HUNDRED FOURTH:** Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "104" of the Amended Complaint.

**ONE HUNDRED FIFTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "105" of the Amended Complaint.

**ONE HUNDRED SIXTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "106" of the Amended Complaint.

**ONE HUNDRED SEVENTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "107" of the Amended Complaint.

**ONE HUNDRED EIGHTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "108" of the Amended Complaint.

**ONE HUNDRED NINTH:**   Deny the allegations contained in paragraph "109" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations concerning the financial burden and emotional toll of individual litigation as alleged in paragraph "109" of the Amended Complaint.

**ONE HUNDRED TENTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "110" of the Amended Complaint.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION:  42 U.S.C. §1983 CLAIM OF FOURTH
### AMENDMENT VIOLATIONS
### (Against All Defendants)

**ONE HUNDRED ELEVENTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "111" of the Amended Complaint.

**ONE HUNDRED TWELFTH:**   Deny the allegations contained in paragraph "112" of the Amended Complaint.

**ONE HUNDRED THIRTEENTH:**   Deny the allegations contained in paragraph "113" of the Amended Complaint.

**ONE HUNDRED FOURTEENTH:**   Deny the allegations contained in paragraph "114" of the Amended Complaint.

**ONE HUNDRED FIFTEENTH:**   Deny the allegations contained in paragraph "115" of the Amended Complaint.

**ONE HUNDRED SIXTEENTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "116" of the Amended Complaint.

**ONE HUNDRED SEVENTEENTH:**   Deny the allegations contained in paragraph "117" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED EIGHTEENTH:**   Deny the allegations contained in paragraph "118" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED NINETEENTH:**   Deny the allegations contained in paragraph "119" of the Amended Complaint.

**ONE HUNDRED TWENTIETH:**   Deny the allegations contained in paragraph "120" of the Amended Complaint.

**ONE HUNDRED TWENTY-FIRST:**   Deny the allegations contained in paragraph "121" of the Amended Complaint.

**ONE HUNDRED TWENTY-SECOND:**   Deny the allegations contained in paragraph "122" of the Amended Complaint.

**ONE HUNDRED TWENTY-THIRD:**   Deny the allegations contained in paragraph "123" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED TWENTY-FOURTH:**   Deny the allegations contained in paragraph "124" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED TWENTY-FIFTH:**   Deny the allegations contained in paragraph "125" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED TWENTY-SIXTH:**   Deny the allegations contained in paragraph "126" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED TWENTY-SEVENTH:**   Deny the allegations contained in paragraph "127" of the Amended Complaint, and respectfully refer all questions of law to the Court.

### SECOND CAUSE OF ACTION:  42 U.S.C. §1983 CLAIM OF FOURTEENTH AMENDMENT VIOLATIONS
### (Against All Defendants)

**ONE HUNDRED TWENTY-EIGHTH:**   Deny the allegations contained in paragraph "128" of the Amended Complaint, except deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations as to plaintiffs' purpose or intentions.

**ONE HUNDRED TWENTY-NINTH:**   Deny the allegations contained in paragraph "129" of the Amended Complaint.

**ONE HUNDRED THIRTIETH:**   Deny the allegations contained in paragraph "130" of the Amended Complaint.

**ONE HUNDRED THIRTY-FIRST:** Deny the allegations contained in paragraph "131" of the Amended Complaint.

**ONE HUNDRED THIRTY-SECOND:**   Deny the allegations contained in paragraph "132" of the Amended Complaint.

**ONE HUNDRED THIRTY-THIRD:**   Deny the allegations contained in paragraph "133" of the Amended Complaint.

**ONE HUNDRED THIRTY-FOURTH:**   Deny the allegations contained in paragraph "134" of the Amended Complaint.

**ONE HUNDRED THIRTY-FIFTH:**   Deny knowledge or information sufficient to form a belief as to the truth or accuracy of the allegations contained in paragraph "135" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED THIRTY-SIXTH:**   Deny the allegations contained in paragraph "136" of the Amended Complaint, and respectfully refer all questions of law to the Court.

**ONE HUNDRED THIRTY-SEVENTH:**   Deny the allegations contained in paragraph "137" of the Amended Complaint.

**ONE HUNDRED THIRTY-EIGHTH:**   Deny the allegations contained in paragraph "138" of the Amended Complaint.

**ONE HUNDRED THIRTY-NINTH:**   Deny the allegations contained in paragraph "139" of the Amended Complaint.

**ONE HUNDRED FORTIETH:**   Deny the allegations contained in paragraph "140" of the Amended Complaint.

**ONE HUNDRED FORTY-FIRST:**   Deny the allegations contained in paragraph "141" of the Amended Complaint.

**ONE HUNDRED FORTY-SECOND:**   Deny the allegations contained in paragraph "142" of the Amended Complaint.

**ONE HUNDRED FORTY-THIRD:**   Deny the allegations contained in paragraph "143" of the Amended Complaint.

**ONE HUNDRED FORTY-FOURTH:**   Deny the allegations contained in paragraph "144" of the Amended Complaint.

**ONE HUNDRED FORTY-FIFTH:**   Deny the allegations contained in paragraph "145" of the Amended Complaint.

**ONE HUNDRED FORTY-SIXTH:**   Deny the allegations contained in paragraph "146" of the Amended Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

**ONE HUNDRED FORTY-SEVENTH:**   The Amended Complaint fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

**ONE HUNDRED FORTY-EIGHTH:**   The Port Authority cannot be held liable for punitive damages.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

**ONE HUNDRED FORTY-NINTH:**   The Port Authority cannot be held liable under 42 U.S.C. §1983 on a theory of *respondeat superior*.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

**ONE HUNDRED FIFTIETH:**   Plaintiffs' arrest and prosecution was justified and was based upon probable cause.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

**ONE HUNDRED FIFTY-FIRST:**   The individual defendants acted in good faith under the law and are entitled to qualified immunity.

## AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

**ONE HUNDRED FIFTY-SECOND:**   Plaintiffs do not meet the requirements of Fed. R. Civ. P. 23 (a) or 23 (b)(3) so as to warrant class certification.

## AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

**ONE HUNDRED FIFTY-THIRD:**   Plaintiffs' claims for equitable relief are barred by laches.

## AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

**ONE HUNDRED FIFTY-FOURTH:**   There is no case or controversy with respect to plaintiffs' claims for future harm.

Dated:  New York, New York
        October 26, 2017

> The Port Authority of New York and New Jersey
> Law Department
> Attorney for Defendants, The Port Authority of
> New York and New Jersey,
> The Port Authority Police Department, Michael
> Opromalla, Shaun Kehoe and John Tone
>
> By: _____
>      Kathleen Gill Miller, Esq.
>      Thomas R. Brophy, Esq.
>      4 World Trade Center/150 Greenwich St./24 Fl.
>      New York, NY  10007
>      (212) 435-3434/(212) 435-3492

TO:   Via ECF
      Winston & Strawn, LLP
      Attorneys for Plaintiffs Cornell Holden and Miguel Mejia
      200 Park Avenue
      New York, NY  10166
      Attn:  Thomas Patrick Lane, Esq.
           Michael S. Elkin, Esq.
           Ross M. Kramer, Esq.
           Dorian S. Thomas, Esq.
      (212) 294-6700

      The Legal Aid Society
      Attorneys for Plaintiffs Cornell Holden and Miguel Mejia
      199 Water Street
      New York, NY  10038
      Attn:  William Gibney, Esq.
           Kimberly Forte, Esq.
           Cynthia Conti-Cook, Esq.
      (212) 577-3300