UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

CORNELL HOLDEN and MIGUEL MEJIA, on behalf of themselves and others similarly situated,

Plaintiffs,

vs.

THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY; THE PORT AUTHORITY POLICE DEPARTMENT; and MICHAEL OPROMALLA, SHAUN KEHOE, JOHN TONE, JORDAN ESPOSITO, MICHAEL DEMARTINO, RICHARD ALYMER and JOHN DOE OFFICERS 1-100, sued in their individual capacities and official capacities as officers of the Port Authority Police Department,

Defendants.

---------------------------------------------------------------X

1:17 Civ. 02192

**STIPULATED CONFIDENTIALITY AGREEMENT**

Plaintiffs, Cornell Holden and Miguel Mejia ("Plaintiffs"), on behalf of themselves and any persons similarly situated, who are determined to be a class, and The Port Authority of New York and New Jersey (the Port Authority), Michael Opromalla, Shaun Kehoe, John Tone, Jordan Esposito, Michael DeMartino and Richard Aylmer, ("Defendants") (Plaintiffs and Defendants are hereinafter "Parties") hereby stipulate and agree to the following Confidentiality Stipulation and Proposed Order (the "Stipulation") with respect to the above-captioned action (this Action):

IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their respective attorneys, subject to the approval of the Court, that the following provisions shall govern disclosure and use by the undersigned Parties on all documents, testimony, and other information designated "Confidential" or "Attorneys' Eyes Only" that is produced or given by any person in the course of discovery in this Action.

**DEFINITIONS**

1. The term "Information" as used herein shall include any document, deposition testimony, electronic data, interrogatory response, response to requests for admissions, or other information disclosed or produced by or on behalf of a Party (or any of its attorneys or other agents), or by or on behalf of a non-party (or any of its attorneys or other agents), and all information derived therefrom.

2. All information produced in the course of this Action shall be designated as "Confidential" unless otherwise indicated by the producing Party. If a Party receiving such materials object to such designation, it may object pursuant to Paragraph 7 of this document.

3. "Confidential" Information, except with the prior consent of the Designating Person or upon prior order of this Court, shall not be disclosed by counsel for any of the Parties to any person other than the following:

(a) any court, mediator or arbitrator handling any aspect of this case, including their personnel, and court reporters (collectively "Court personnel");

(b) attorneys directly handling these litigations and their secretaries, legal assistants, or other support personnel as reasonably necessary to assist them in this litigation (collectively, "Litigation Counsel");

(c) court reporters and videographers transcribing or recording testimony at depositions;

(d) the parties, including in-house counsel, in-house legal assistants and other in-house legal support personnel;

(e) outside experts, consultants, and/or litigation support vendors who are not employees of any party and who are expressly retained to assist counsel of record for the parties and the employees of such persons (collectively, "Outside Litigation Assistants") provided they agree in writing to be bound by this Stipulation;

(f) any person who wrote or received the document designated "Confidential";

(g) persons noticed for depositions or designated as trial witnesses; and

(h) any other person agreed to by the Parties in writing.

4. The following categories of documents shall be designated "Attorneys' Eyes Only": 1) personnel files of any Port Authority police officer of any rank; 2) disciplinary files of any Port Authority police officer of any rank; 3) Civilian Complaint (CC) files concerning any Port Authority police officer of any rank; 4) Police Investigation Unit ("PIU") files concerning files concerning any Port Authority police officer of any rank; 5) personnel records of any employee of the Port Authority; 6) Plaintiffs' arrest and conviction histories other than the arrests and/or convictions that are the basis of this lawsuit; 7) Plaintiffs' medical histories, including medical records and mental health histories, including mental health records, unless those records involve a physical or mental condition for which damages are claimed in this lawsuit; 8) Plaintiffs' histories of substance use and/or substance abuse, except for any substance use that is connected to any arrest that is the basis of this lawsuit; 10) information concerning Plaintiffs' sexuality, sexual orientation, and gender identity; and 11) Plaintiffs' history of sexual conduct, including sexual assault.

**SCOPE AND APPLICATION**

5. Information designated as "Attorneys' Eyes Only", except with the prior written consent of the Designating Person or upon prior order of this Court, shall not be disclosed by any party to any person other than the following:

(a) Court personnel;

(b) Litigation Counsel;

(c) Court Reporters;

(d) Any person who wrote or received the document designated "Attorneys' Eyes Only";

(e) Any person whose file contains the document designated "Attorneys' Eyes Only" will not be shared with any Plaintiff unless he qualifies under Paragraph 5(d). Documents designated "Attorneys' Eyes Only" will not be shared with Outside Litigation Assistants for any Party, except experts who agree to be bound by this agreement.

6. Any person receiving "Confidential" or "Attorneys' Eyes Only" Information shall not disclose such Information to any person who is not entitled to receive such Information pursuant to this Stipulation and Order, and shall use such Information solely for the purposes of the instant litigation. If any material designated as "Confidential" or "Attorneys' Eyes Only" is disclosed, through inadvertence or otherwise, to an unauthorized person, then the disclosing person or entity shall use reasonable efforts to: (a) inform such unauthorized person of all the provisions of this Stipulation and Protective Order; (b) request that the unauthorized person sign an acknowledgement of this Stipulation and Protective Order, and (c) attempt to obtain the return of such designated Information. Any unauthorized person to whom "Confidential" or

"Attorneys' Eyes Only" Information is disclosed shall be identified promptly to the Designating Person.

7.  Any Party may apply to the Court for a ruling that Information designated as "Confidential" or "Attorneys' Eyes Only" is not entitled to such status and protection. The Designating Person shall be given notice of the application and an opportunity to respond. Pending the Court's ruling, the party contesting the requested designation shall treat the Information as if the required designation were proper and effective.

8.  Any deposition transcript, videotaped deposition, or deposition exhibit containing "Confidential" or "Attorneys' Eyes Only" Information shall be treated in accordance with Paragraphs 3 and 5 above.

9.  It is further stipulated and agreed that the parties will comply with the District's ECF Privacy Policy (http://www.nysd.uscourts.gov/operations/egovtact042005.pdf) requiring as more fully stated therein, the redaction of social security numbers, the names of minor children, dates of birth, financial account numbers, and home addresses from documents filed in the Court's ECF System. With respect to all other documents designated by the parties as "confidential" or "attorneys' eyes only", any party wishing to file said documents, summaries thereof in written submissions or references to such material in written submissions shall (1) file on ECF a redacted copy of the filing, and (2) separately submit to the Court an unredacted copy by email, and also, if longer than 10 pages, by delivery to the Court. If the papers being submitted are a fully-briefed motion in compliance with the Court's rule on submission of motions, the unredacted copies should be submitted to the Court at that time (not on a rolling basis beforehand). Within 5 business days of the ECF filing of the redacted document(s), the parties must confer in good faith as to whether any or all of the redacted material may or must be

filed without redaction. If the parties reach agreement that all redacted material may or must be unredacted, the parties shall file on ECF unredacted copies of the previously redacted documents and so inform the Court. If the parties cannot agree to unredact all redacted material, then, within 3 business days of the parties' meet and confer, the party seeking to preserve confidentiality must make a specific request to the Court by letter explaining the reasons for seeking to file the material under seal. Any party opposing the request to file under seal must submit a responding letter within 3 business days after submission of the letter by the party seeking to preserve confidentiality. If the Court directs that any previously redacted material be unredacted, the party who submitted the previously redacted document shall within 3 business days after the Court's unredaction order file on ECF the documents complying with the Court's order.

10. Nothing herein shall impose any restriction on the use or disclosure by a Party of its own Information. Nor shall this Stipulation and Protective Order be construed to prevent any Party, its counsel, or its Outside Litigation Assistants from making use as they see fit of Information not covered by the "Confidential" or "Attorneys' Eyes Only" designation that was lawfully available to the public or lawfully in the possession of the Party, its counsel, or it Outside Litigation Assistants independent of any disclosure of Information in this litigation.

11. Nothing in this order shall prevent or otherwise restrict counsel from rendering advice to their client and, in the course thereof, relying generally on examination of "Confidential" or "Attorneys' Eyes Only" Information provided, however, that in rendering such advice and otherwise communicating with such client, counsel shall not make disclosure of any item so designated.

12. Entry of this Stipulation and Protective Order shall be without prejudice to any motion for relief from or modification of the provisions hereof or to any other motion relating to the production, exchange, or use of any document or other Information in the course of this Action, provided, however, that no such motion shall be made after entry of a final judgment or settlement.

13. Any inadvertent disclosure of privileged documents, whether protected under the Attorney-Client Privilege or the Attorney Work Product Doctrine, shall not constitute a waiver of that privilege or of the subject matter of those documents. If a party discovers that it has produced Information that it considers to be protected by the attorney-client privilege, the work product doctrine, the joint defense privilege, or other applicable privilege, in whole or in part, or learns of the production of such Information by a non-party, the party may retrieve such Information as follows:

(a) Within ten (10) days of the date of discovery by a Party of the production by it or a non-party, the Party asserting that an inadvertent production has occurred shall give written notice to all other Parties that the party claims the Information, in whole or in part, is privileged or protected material; in addition, the notice shall state the nature of the privilege or protection, the basis for asserting it, and the reason the production is claimed to be inadvertent.

(b) Upon receipt of such notice, any Party who has received the produced document or material shall promptly destroy or return all copies to the Party asserting the privilege. In the event that only part of a document is claimed to be privileged or protected, the Party asserting the privilege shall furnish to the

other parties who have received the document a redacted copy of such document, removing only the part(s) thereof claimed to be privileged or protected, together with such written notice. Any Party who has received the produced documents or material may, after the document in question has been destroyed or returned pursuant to this paragraph, contest the claim of privilege in accordance with the Federal Rules of Civil Procedure, the local Rules or applicable law; provided, however, that should the Parties' good faith efforts fail to resolve any dispute over privilege, the Party contesting the claim of privilege shall bring the matter to the Court's attention as provided for under the Federal Rules of Civil Procedure, the Local Rules or applicable law after good faith efforts to resolve the dispute have failed.

(c) The provision of subparts (a) and (b) of this Paragraph are without prejudice to any other rights that a Party may have with respect to challenging or defending any claim of privilege; provided, however, that no claim of waiver, estoppel, laches, or the like based on alleged delay or alleged lack of timeliness can be asserted against the Party based solely on the inclusion of a document in that party's document production, if that Party has complied with subpart (a) of this Paragraph.

14. All provisions of this Stipulation and Protective Order restricting the use of Information obtained during discovery shall continue to be binding after the conclusion of this action, including all appeals, until further order of the Court, unless the Parties agree otherwise in writing. Any and all originals and copies of documents or other information deemed to be "Confidential" or "Attorneys' Eyes Only" shall, at the request of the Designating Person, be

returned to the Designating Person at the Designation Person's expense, or destroyed, within one month after a final judgment and appeals herein or settlement of this action except that outside counsel for each party may maintain in its files copies of each pleading and litigation document filed with the Court, and each written discovery request and written response thereto (but no "Confidential" or "Attorneys' Eyes Only" documents produced in response to a request for production of documents, which documents shall be returned to the Designating Person or destroyed in accordance with the procedure identified elsewhere in this Paragraph). Upon request from any Party, a Party who elects to destroy "Confidential" or "Attorneys' Eyes Only" documents in its possession will attest in writing to the fact that such documents have been destroyed. Nothing in this paragraph shall require any Party to destroy attorney work product or attorney-client communications.

15. Neither this Stipulation and Protective Order nor any Party's designation of Information as "Confidential" or "Attorneys' Eyes Only" shall affect the admissibility into evidence of the Information so designated.

16. An application to maintain the confidentiality of material will be filed with or presented to the Court and will be made in advance to the Magistrate Judge or District Court Judge before whom the submission is being made or the matter presented.

17. Nothing in this Stipulation and Protective Order is intended to constitute an agreement regarding the scope of discovery.

18. The Court retains jurisdiction subsequent to settlement or entry of judgment in this matter to enforce the terms of this Stipulation and Protective Order.

Winston & Strawn, LLP
Attorneys for Plaintiffs Cornell Holden and Miguel Mejia
200 Park Avenue
New York, NY 10166
(212) 294-6700

By: ______________________
Thomas Patrick Lane, Esq.
Michael S. Elkin, Esq.
Seth E. Spitzer, Esq.
Ross M. Kramer, Esq.
Dorian S. Thomas, Esq.

The Port Authority of New York and New Jersey Law Department
Attorneys for the Port Authority of New York and New Jersey, Michael Opromalla, Shaun Kehoe, John Tone and Vijay Seetaram, Jordan Esposito, Michael DeMartino and Richard Alymer
4 World Trade Center/150 Greenwich St., 24 Fl., New York, NY 10007

By: ______________________
Kathleen Gill Miller, Esq.
Thomas Brophy, Esq.
(212) 435-3434
(212) 435-3492

The Legal Aid Society
Counsel for Plaintiffs Cornell Holden and Miguel Mejia
199 Water Street
New York, NY 10038
(212) 577-3300

By: ______________________
Cynthia Conti-Cook, Esq.
Kimberly Forte, Esq.
William Gibney, Esq.

SO ORDERED:

______________________