# EXHIBIT D

_____

In the Matter of the Claim of

JEFFREY K. REED,

- against -

THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY

_____

TO: PORT AUTHORITY OFFICE OF THE SECRETARY

**PLEASE TAKE NOTICE** that the undersigned claimants hereby make claim and demand against the City of New York as follows:

**1.     The name and post office address of each claimant and of the attorney:**

| | |
|---|---|
| *Claimants:* | *Attorneys:* |
| JEFFREY K. REED | GOLDBERG & ALLEN, LLP |
| 100 Irving Place | 49 West 37th Street, 7th floor |
| Staten Island, NY 10304 | New York, New York  10018 |

**2.     The nature of the claim:**

False arrest; malicious prosecution; intentional and negligent infliction of emotional distress; violation of claimants' statutory and constitutional rights; violation of claimants' civil rights arising from the negligent hiring, negligent training, negligent supervision, and negligent retention of Port Authority Police Officers and from the customs and practices of the Port Authority of New York and New Jersey and its police department.

**3.     The time when, the place where and the manner in which the claim arose:**

a.     Claimant Jeffrey K. Reed is a 53 year-old man who was at all relevant times a resident of Richmond County, New York.

b.     On Sunday, March 13, 2016, at about 4:30 p.m., Claimant, having left work shortly before, was at the Port Authority bus terminal on Eighth Avenue in Manhattan.

c.     Claimant needed to urinate and went into an open bathroom on the third level of

the facility.

d.    The urinals in the bathroom were separated by a partition with a length from approximately Claimant's shoulder to below his knee.

e.    As Claimant walked to a urinal against the wall, he noticed two males standing in the bathroom.

f.    Before Claimant began to urinate, an unknown Hispanic male approached the urinal next to him.

g.    At this point, Claimant noticed that the other two men had left the bathroom.

h.    Because this Hispanic male was mumbling to himself and appeared drunk, Claimant felt uncomfortable and went into a private stall to urinate.

i.    Claimant subsequently exited the stall and the bathroom.

j.    One of the two previously observed males, herein designated as John Doe Officer 1, approached Claimant, displayed a badge and asked if he knew why he was being stopped.

k.    Claimant replied that he did not and was told that it was because he was observed by the other male, subsequently identified as Police Officer Vijay Seetaram, masturbating at the urinal.

l.    Claimant denied doing any such act and asked for a supervisor.

m.    Claimant was handcuffed and placed against a wall together with the Hispanic male whom he had observed at the urinals.

n.    Claimant was approached by Police Officer John Doe 2, purporting to be a supervisor, who stated that "his men were trained" to make these arrests.

o.    Claimant was held in custody for approximately 4 hours and released with a Desk

Appearance Ticket.

p.      Claimant was arraigned and pleaded not guilty on the complaint of Officer Vijay

Seetaram in New York County Criminal Court on April 20, 2016 on multiple

charges including Public Lewdness, PL §245.00 and Exposure of a Person, PL

§245.01.

q.      Claimant refused all offers to dispose of the charges and insisted on a trial.

r.      On October 18, 2016, the charges against Claimant were dismissed on the motion

of the District Attorney.

**4.     The items of damage or injuries claimed are:**

a.     Money damages for the intentional and negligent violation of claimants' constitutional and statutory rights.
b.     Money damages for the infliction of emotional distress on the claimants.
c.     Money damages for the false arrest of the claimants.
d.     Punitive damages for the blatant disregard of claimant's statutory and constitutional rights.

**PLEASE TAKE FURTHER NOTICE** that, this claim is filed within ninety (90) days after the claim has accrued, as required by law.  Claimants present this claim for adjustment and payment.

You are hereby notified that, unless the claim is adjusted and paid within the time provided by law from the date of presentation, then Claimants shall commence a plenary action on this claim.

Dated: New York, New York
      December 20, 2016

JAY K. GOLDBERG, ESQ.
GOLDBERG & ALLEN, LLP
Attorneys for Claimants
49 West 37th Street, 7th Floor
New York, New York 10018

To:   Port Authority of NY and NJ
      4 World Trade Center
      150 Greenwich Street, 23rd Floor
      New York, New York 10007