UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

CORNELL HOLDEN and MIGUEL MEJIA,

                  Plaintiffs,

   -against-                             **SETTLEMENT AGREEMENT**

THE PORT AUTHORITY OF NEW YORK AND
NEW JERSEY; THE PORT AUTHORITY
POLICE DEPARTMENT; and MICHAEL
OPROMALLA, SHAUN KEHOE, JOHN TONE,     **1:17-cv-02192-JGK-RWL**
JORDAN ESPOSITO, MICHAEL DEMARTINO,
RICHARD AYLMER, PAUL MILLER, JOHN
FITZPATRICK, PAUL O'DELL and OFFICERS
JOHN DOE 1-99, sued in their individual capacities
and official capacities as officers of the Port
Authority Police Department,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

**WHEREAS,** Plaintiffs Cornell Holden and Miguel Mejia commenced this action by filing a complaint on March 27, 2017, alleging that Defendants the Port Authority of New York and New Jersey ("PANYNJ"), the Port Authority Police Department, Michael Opromalla, Shaun Kehoe, John Tone, Jordan Esposito, Michael DeMartino, Richard Aylmer, Paul Miller, John Fitzpatrick, and Paul O'Dell violated their federal civil and state common law rights in 2014; and

**WHEREAS**, Defendants Shaun Kehoe, John Tone, Jordan Esposito, Michael Demartino, Richard Aylmer, Paul Miller, John Fitzpatrick and Paul O'Dell were dismissed by order of the Court granting partial summary judgment dated February 22, 2021, hereinafter the "Defendants" refer only to the PANYNJ, the Port Authority Police Department ("PAPD"), Michael Opromalla and John Tone; and

**WHEREAS**, all Defendants deny any and all liability or wrongdoing arising out of Plaintiffs' allegations in this action and nothing in this Settlement Agreement ("Agreement") shall be deemed an admission of any fault or liability for Defendants; and

**WHEREAS,** Defendants and Plaintiffs ("the Parties") now desire to resolve the claims related to this action;

**NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED**, by and between the undersigned, the attorneys of record for the above-captioned action, as follows:

1. Upon execution of this Agreement, the Parties will dismiss this case without prejudice subject to reinstatement by Plaintiffs if but only if the equitable terms of Agreement that are to be performed within the three-month period following execution of the Agreement have not been performed, but only if non-performance is determined by Judge Lehrburger.

A) The Equitable Relief To Be Undertaken by The PANYNJ

2. The PANYNJ hereby agrees to undertake the equitable relief set forth in paragraphs "3" through "9" herein as the equitable part of the settlement of all claims that were or could have been brought by Plaintiffs, in this proceeding.

3. The PAPD has not been, and is not currently, conducting plain clothes police patrols for public lewdness or exposure of a person in the public restrooms at the Port Authority Bus Terminal, and any future plain clothes operations focused on public lewdness or exposure of a person in the public restrooms at the Bus Terminal, to the extent they become needed, would first be reviewed and approved by senior PAPD officials.

4. For a period of not less than three years, the PAPD will incorporate mandatory LGBTQ+ (also meant to encompass the larger community reference of LGBTQIA+) Sensitivity and Awareness training facilitated by members of the Gay Officers' Action League

(GOAL) into the training provided to each PAPD recruit class.  The training will last a minimum of four hours and will substantially cover the instructional goals, performance objectives, and instructional content of the PANYNJ's redline of the NYPD's "Policing and the LGBTQ+ Community" lesson plan.  The PANYNJ will adapt the NYPD's instructional content to its curriculum, so as to make it relevant to a bi-state agency and its policing functions.  The Port Authority will begin GOAL training with the first recruit class of 2022.

        5.      PAPD officials will read an instructional memorandum regarding bias-based policing at roll call for all tours of duty over a single twenty-four hour period by a date not more than three (3) months from the execution of this Agreement, stating:

> "All members of the force must conduct themselves at all times in the discharge of their duties with fairness and without any semblance of discrimination based on race, religion, national origin or sex, including sexual orientation and gender identity.  Discrimination by a police officer undermines the public's confidence in the entire department.  The department views any substantiated complaint of discrimination as determined by the Agency's Civilian Complaint Review Board to constitute a serious violation of an officer's oath of office, and where appropriate, disciplinary charges, including a recommendation of Major Discipline, will be brought."

The PANYNJ will provide written notice to Plaintiffs' counsel that the instructional memorandum described in this paragraph has been read as described herein.

        6.      PAPD officials will read an instructional memorandum regarding the use of boilerplate language in incident reports and arrest reports at roll call for all tours of duty over a twenty-four-hour period by a date not more than three (3) months from the execution of this Agreement, stating:

> "The narrative portion of incident reports and arrest reports should generally contain a statement of the facts demonstrating probable cause for the arrest. Boilerplate language should be avoided where possible. The report should include, where possible, such information as: a) identification of involved parties; b) victim/witness/suspect statements;

3

c) officer's observations and actions; d) description of physical evidence; and e) other pertinent information."

The PANYNJ will provide written notice to Plaintiffs' counsel that the instructional memorandum described in this paragraph has been read herein.

7. On January 31, 2021, the PAPD created and filled a position known as Chief of Agency Affairs in PAPD, and that Chief will be a point of contact and liaison for members of the LGBTQ+ community who use the PANYNJ facilities. PAPD will issue a press release announcing the addition of the above-described LGBTQ + liaison responsibilities to the Chief of Agency Affairs position by a date not more than three (3) months from the execution of this Agreement and will provide written notice to Plaintiffs' counsel upon completion of the issuance of the press release. The Chief of Agency Affairs will reach out to the New York City Antiviolence Project and Garden State Equality, whose contact information will be provided in writing by Plaintiffs' counsel upon execution of this Agreement, by a date not more than three (3) months from the execution of this Settlement Agreement to advise those organizations of this position's role as a liaison for the LGBTQ+ community and so as to learn of any potential concerns related to PANYNJ's facilities. The PANYJ will provide written notice to Plaintiffs' counsel that this communication has been made.

8. To help ensure accountability, PAPD officers' conduct has long been subject to review by a Civilian Complaint Review Board, which receives complaints from members of the public on a pre-printed form. The pre-printed form will be updated, to include optional fields where the complainant can provide information about their sexual orientation and gender identity, as shown in Exhibit A hereto, by a date not more than three (3) months from the execution of this Agreement. A link to the updated Civilian Complaint form will be provided on the PAPD's FAQ Page under "How do I file a complaint against a Port Authority police officer"

by a date not more than three (3) months from the execution of this Agreement. PANYNJ will notify Plaintiffs' counsel in writing when the updated form is available on the link as described above.

9. Restroom signage for the Port Authority Bus Terminal single-stall restrooms will be promptly replaced, to reflect the following:

> "This restroom may be used by any person regardless of gender identity or expression."

The PANYNJ will provide written notice to Plaintiffs' counsel when the signage has been installed.

### B) Procedure For Determining Compliance With Equitable Relief to Be Performed Within The Three-Month Period

10. If at the end of the three-month period from the execution of this Agreement, Plaintiffs believe that the PANYNJ has not performed the equitable relief it agreed to perform within three months, it shall so notify the PANYNJ in writing within 30 days of the end of the three-month period. The Parties will then engage in good faith discussion to resolve the issue. If the issue is not resolved within 30 days of the receipt of notice of non-compliance, then the Parties shall submit the issue of compliance to Judge Lehrburger. If Judge Lehrburger determines that the PANYNJ has not complied, then the Plaintiffs may reinstate this action, and if Judge Lehrburger determines that the PANYNJ has complied then Plaintiffs may not seek to reinstate this action unless the PANYNJ defaults on their payment obligations under this Agreement.

### C) Parties' Obligations Upon Compliance By the PANYNJ At The End of The Three-Month Period

11. Upon agreement of the Parties, or resolution by the Court, that the PAPD has performed its three-month obligations, then Plaintiffs will promptly provide the PANYNJ with a Stipulation of Dismissal with prejudice, without costs or attorneys' fees, signed by all counsel for Plaintiffs, as well as duly executed General Releases from each Plaintiff in favor of the remaining Defendants (i.e. PANYNJ, PAPD, and Opromalla and Tone), which shall be held in escrow until payment is made as stated in paragraph 12.

12. The PANYNJ hereby agrees to pay, within 30 days of the receipt of the Stipulation of Dismissal with prejudice and the General Releases described in paragraph 11 hereof, to issue payment in the sum of Fifteen Thousand Dollars ($15,000) to Plaintiff Cornell Holden, and payment in the sum of Twenty-Five Thousand Dollars ($25,000) to Plaintiff Miguel Mejia and to deliver these payments to Plaintiffs' counsel, Winston & Strawn LLP.  As noted below, the Parties agree that the Defendants are not liable for, and shall not pay, any Attorneys' fees.

13. Nothing contained herein shall be deemed to be an admission by the Defendants that they have in any manner or way violated Plaintiffs' rights, or the rights of any other person or entity, as defined in the constitutions, statutes, ordinances, rules or regulations of the United States, the State of New York and New Jersey, or any other rules or regulations applicable to the PANYNJ.  The terms of this Agreement shall not be admissible in, nor are they related to, any other litigation or settlement negotiations, except to enforce the terms of this Agreement.

14. Each party shall be responsible for its own attorneys' fees.

15. This Agreement may be specifically enforced and may be used as evidence in a proceeding in which any party alleges a breach of this Agreement.

16. This Agreement shall be governed by, and construed in accordance with, the laws of the State of New York applicable to contracts executed in and to be performed in that state, without giving effect to any choice or conflict of law provision or rule.

17. This Agreement contains all the terms and conditions agreed upon by counsel for the Parties hereto, and no oral agreement entered into at any time nor any written agreement entered into prior to the execution of this Agreement regarding the subject matter of attorneys' fees, expenses, or costs shall be deemed to exist, or to bind the parties hereto, or to vary the terms and conditions contained herein.

Dated: New York, New York
__May 31__, 2022

WINSTON & STRAWN LLP
*Counsel for Plaintiffs Cornell Holden and Miguel Mejia*
200 Park Avenue
New York, NY 10166

By: _____
Seth Spitzer, Esq.

THE PORT AUTHORITY LAW DEPARTMENT
*Counsel for Defendants Port Authority of New York and New Jersey, Port Authority Police Department, Opromalla, Kehoe, Tone, Esposito, DeMartino, Aylmer, Miller, Fitzpatrick, O'Dell*
4 World Trade Center, 150 Greenwich Street
New York, New York 10007

By: _____
Kathleen Gill Miller Esq.

THE LEGAL AID SOCIETY
*Counsel for Plaintiffs Cornell Holden and Miguel Mejia*
199 Water Street
New York, NY 10038

By: _____
Molly Griffard, Esq.

7

# Exhibit A

THE PORT AUTHORITY OF NY & NJ



# POLICE CIVILIAN COMPLAINT FORM

PA 3962 / 05-22

Page 1 of 2

☐ Force     ☐ Abuse of Authority     ☐ Discourtesy     ☐ Ethnic/Bias     ☐ Other          CCC #_____

| Date of Occurrence | Time of Occurrence | Location of Occurrence | | Facility |
|---|---|---|---|---|
| Day of Week | Municipality | How Complaint Received<br>☐ In Person  ☐ Telephone  ☐ Other | Receiving Command  Date | Time |
| Date Reported | Time | CCIU Notified   If yes, Title and Name of Person Notified<br>☐ Yes        ☐ No | | |
| Person Assisting | | Complainant's Name (Last, First, M.I.) | | |
| Complainant's Address (Street) | | Apt. #  City/Town | State | Zip Code |
| Date of Birth | Sex | Race | Primary Contact Number  E-Mail Address | |
| Gender Identity (Optional) | | | Sexual Orientation (Optional) | |

Rank/Name of Police member complained of (if unknown, provide detailed description of officer and type of duty performed), if more than one officer complained of, state number of police officers involved, or officers that might have been at the scene.

| Rank | Name | Badge # | Tax # | Car # | Command | Specialized Unit |
|---|---|---|---|---|---|---|
| 1 | | | | | | |
| 2 | | | | | | |

| Witness/Victim (Last, Name, First, M.I.) | Date of Birth | Sex | Race |
|---|---|---|---|
| Gender Identity (Optional) | Sexual Orientation (Optional) | | |
| Address (Street)  Apt. #  City/Town | State | Zip Code | |
| Home Phone | Business/Cell Phone | | |

DETAILS of COMPLAINT **(describe briefly).** List any additional subject officers and/or witnesses. Use reverse side if needed.




**I certify that the foregoing statements made by me are true. I understand that knowingly submitting false information is unlawful.**

| Complainant's Signature<br>X | | Date |
|---|---|---|
| Title and Signature of member receiving complaint<br>X | Name (Print) | Date |

**Mail completed form to:** Civilian Complaint Investigations Unit - 5 Marine View Plaza - Suite 320, Hoboken, NJ 07030
**For internal use only:** Utilize CCRB 2 Form if complainant chooses to write his/her own account of the incident.
NOTE: The Complainant will be mailed a copy of this report as a receipt. Additionally, upon completion of an investigation the Civilian Complaint Review Board will make a determination and then notify the Complainant, in writing, of the final outcome.

| DETAILS of COMPLAINT (continuation) |
|---|
|  |

**RECORDING OFFICER CHECK LIST - PAPD USE ONLY**

**CCC #_____**

COPIES OF ALL APPLICABLE REPORTS:
- ☐ ROLL CALL
- ☐ ARREST OR PACKAGE SUMMON(S) ISSUED
- ☐ COPY OF MEMOBOOKS OF OFFICERS INVOLVED
- ☐ COPY OF CAD/ACTIVITY LOG – (when applicable)
- ☐ HANDWRITTEN REPORT(S)
- ☐ OTHER PERTINENT DOCUMENTS

DID YOU:
- ☐ **ATTEMPT TO IDENTIFY THE SUBJECT OFFICER(S)**
- ☐ **ATTEMPT TO LOCATE WITNESSES**

GIVE THE COMPLAINANT:
- ☐ CCC NUMBER
- ☐ CCIU 800 PHONE NUMBER (1-800-435-2035)

IF ALL BOXES ON THE FRONT OF THIS FORM ARE NOT COMPLETED STATE THE REASON

PHYSICAL CONDITION OF THE COMPLAINANT OR CIVILIAN WITNESS(ES); i.e. injuries, any visible marks, influence of drugs, alcohol. **NOTE: Any allegations of injuries to complainants or criminal activity committed by Members of the Service are to be brought to the immediate attention of the Commanding Officer of PIU.**

- ☐ COMPLAINANT:

- ☐ WITNESS:

- ☐ **NO REPORT OF INJURIES**

Recording Officer's Name:_____
                                Print                        Signature

Tour Commander's Name:_____
                                Print                        Signature